In re Leon W. KNIGHT et al., Petitioners.

No. 79–1910.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1980.

Decided Feb. 1, 1980.

Rehearing and Rehearing En Banc Denied Feb. 25, 1980.

---

[*] The Honorable Donald J. Porter, United States District Judge for the District of South Dakota, sitting by designation.

Edwin Vierira, Jr., Ph.D., Silver Spring, Md., for petitioners.

Eric R. Miller, Keith E. Goodwin, D. W. Selzer, Jr., and Mark D. Anderson, St. Paul, Minn., for respondent.

Before GIBSON, Senior Circuit Judge, and ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Petitioners, Leon W. Knight, *et al.*, petition this court to issue an extraordinary writ in the nature of mandamus to compel the three-judge district court to reopen discovery. We deny the petition.

Petitioners are twenty faculty members of the Minnesota community colleges who, by and with the assistance of the National Right to Work Legal Defense Foundation, filed a lawsuit in 1974 challenging the constitutionality of public sector collective bargaining in Minnesota. In 1976, the United States Court of Appeals for the Eighth Circuit ordered the convening of a three-judge court to consider the allegations and the Honorable Gerald W. Heaney, circuit judge, and the Honorable Earl R. Larson and Donald D. Alsop, district judges, were impaneled to constitute that court. This three-judge court, through Judge Alsop, periodically communicated with the parties to monitor the progress of the case; and in September of 1978, scheduled a pretrial hearing for October of that year. At this hearing, the court discussed the current status of discovery and subsequently ordered a discovery deadline of December 31, 1978. This date was approximately two and one-half years since the convening of the three-judge court and was specifically approved in statements made by petitioners' counsel that they would have no difficulty completing discovery by mid-December 1978. Petitioners conducted discovery both before and after the October hearing without any complaints to the district court concerning recalcitrant witnesses, answers to interrogatories or cooperation of counsel of any sort. On December 30, one day before the deadline, they moved for rescission of the December 31 deadline and requested sanctions. Petitioners' motion was denied after a hearing.

The remedy of mandamus has been described by the Supreme Court as a drastic one, to be invoked only in extraordinary situations. *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). In fact, "only exceptional circumstances amounting to a judicial 'usurpation of power'" is said to justify the invocation of this extraordinary remedy. *Id.* Additionally, the issuance of such writ is in large part a matter of discretion with the court to which the petition is addressed. *Id.* at 403, 96 S.Ct. at 2124. Mandamus, as an extraordinary writ, is only rarely available to interfere with the district court's processing of its cases. This is not such a case.

In light of these guidelines and in consideration of the length of discovery formally agreed to by the petitioners and the last minute objection to the cutoff time, we cannot say the district court abused its discretion in not extending discovery.

Petition denied.